IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSANDRA GROSS-ELLIOT,
F/K/A CASSANDRA GROSS,

    Plaintiff,

       v.

WESTINGHOUSE ELECTRIC COMPANY,
LCC,

    Defendant.

13cv00413

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS (DOC. NO. 9)

**I. Introduction**

 Currently before the Court is Defendant Westinghouse Electric Company's ("Defendant's") Motion to Dismiss. Doc. No. 9. Plaintiff, Cassandra Gross-Elliot, ("Plaintiff") alleges that Defendant interfered with her Family and Medical Leave Act ("FMLA") rights and retaliated against her because of her approved FMLA leave. Doc. No. 1.

 On March 20, 2013, Plaintiff filed a Complaint in the United States District Court for the Western District of Pennsylvania. Doc. No. 1. Count I of the Complaint, "Interference with FMLA Rights," alleges that Defendant "interfered with, restrained, and denied" Plaintiff's FMLA rights by using her approved FMLA leave as a negative factor in its employment actions against her. Id. at ¶¶ 14, 15. In Count II, "Retaliation," Plaintiff alleges that Defendant terminated her because she took approved FMLA leave. Id. at ¶¶ 18, 19.

 On July 15, 2013, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 9. First, Defendant argues that Count I should be dismissed because Plaintiff asserts identical claims in Count II. Id. at ¶ 2. Secondly, Defendant argues that Count II should

be dismissed because Plaintiff cannot present sufficient evidence to rebut that she was terminated because of her unexcused absences.  Id. at ¶¶ 4, 5.

For the reasons that follow, Defendant's Motion to Dismiss (Doc. No. 9) will be GRANTED IN PART AND DENIED IN PART.

## II. Factual Background

When reviewing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Taking Plaintiff's factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of the case are as follows:

Plaintiff began working for Defendant on January 31, 2005.  Doc. No. 1, ¶ 3.  In July 2012, Plaintiff notified Defendant that she required a leave of absence, because she had experienced brain seizures and was diagnosed with Chronic Migraine and Fibromyalgia.  Id. at ¶¶ 5, 6.

Plaintiff was approved for FMLA leave for July 30, 2012, through August 27, 2012, and subsequently for October 1, 2012, through October 7, 2012.  Id. at ¶ 8.  Plaintiff took leave from July 30, 2012 until October 8, 2012.  Id. at ¶ 7.  Plaintiff's employment was terminated when she returned to work on October 8, 2012.  Id. at ¶ 10.

Plaintiff received a "termination letter."  Id.  The "termination letter" provided, in part, that:

> It is my understanding that this most recent absence (August 28, 2012 to the present) was not covered under short term or long term disability, it was not approved as a covered absence under the [FMLA], and it was not covered as any other approved absence per Westinghouse policy.  As a result, these past approximately six weeks must be considered an unexcused absence.

Doc. No. 1-2.   The last week prior to Plaintiff's return to work was approved FMLA leave.

Doc. No. 1, ¶ 11.

Plaintiff appealed the denial of her short term disability.  Id. at ¶ 12.  Plaintiff was

allowed to return to work while the appeal decision was pending.  Id. at ¶ 12.  On November 21,

2011, after the denial of short term disability was upheld, Plaintiff was terminated and provided

with a second "termination letter."  Id. at ¶ 13.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as

opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"  *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the

sufficiency of a Complaint:

> First, the court must take note of the elements a plaintiff must plead to state a
> claim. Second, the court should identify allegations that, because they are no more
> than conclusions, are not entitled to the assumption of truth. Finally, where there
> are well-pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific

nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563, n.8.

**IV. Discussion**

Plaintiff alleges two causes of action in her Complaint: (1) Interference with FMLA Rights and (2) Retaliation related to her FMLA leave. Doc. No. 1. Defendant moves this Court to dismiss both Counts. Doc. No. 9.

First, Defendant argues that Count I-Interference with FMLA Rights must be dismissed because it is "identical" to Count II-Retaliation. Doc. No. 10, 3-6. Plaintiff does not directly address this argument in her Brief in Opposition to Defendant's Motion to Dismiss. Doc. No. 16.

In Count I, Plaintiff contends that "Defendant interfered with, restrained, and denied [her] exercise of her rights to FMLA leave by using [her] time off work for FMLA qualifying leave as

a negative factor in its employment actions against her; and terminating [her] because of her FMLA protected absences . . . ."  Doc. No. 1, ¶ 15.  Similarly, Count II-Retaliation is based upon an allegation that "Defendant discharged [Plaintiff] because she took FMLA leave."  Id. at ¶¶ 18-19.

To sustain a claim for interference, a plaintiff must demonstrate that he/she was entitled to benefits under the FMLA that were denied.  *Sommer v. The Vanguard Group*, 461 F.3d 297, 299 (3d Cir. 2006).  Here, Plaintiff has not alleged that any FMLA leave was denied or that her rights to take FMLA leave were inhibited.  Doc. No. 1.  The basis of the dispute between the parties is solely whether Plaintiff was terminated because she took FMLA leave or because of other legitimate non-discriminatory reasons.  This dispute is supports a claim for retaliation, not interference.

Therefore, Defendant's Motion to Dismiss as to Count I-Interference (Doc. No. 9) will be GRANTED.

Secondly, Defendant argues that Count II-Retaliation must be dismissed because Plaintiff has failed to offer any evidence to rebut Defendant's proffered legitimate non-discriminatory reason for her termination.  Doc. No. 10, 6-8.  As noted by Defendant, Plaintiff is required to set forth a *prima facie* case of retaliation.  After doing so, Defendant must articulate a legitimate non-discriminatory reason for the adverse employment action and Plaintiff must then offer evidence that the articulated reason(s) should be disbelieved.  *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.2d 294, 302 (3d Cir. 2012).

Defendant does not dispute, at this stage of the proceedings, that Plaintiff has set forth a *prima facie* case for retaliation, but rather, contends that Plaintiff has failed to offer any evidence to rebut that she was terminated because of her unexcused absence from August 28 to September

30, 2011.  Doc. No. 10, 6.  At this stage of the litigation and in light of the applicable standard, Defendant's Motion to Dismiss as to Count II will be DENIED.

Although limited, Plaintiff has presented sufficient factual averments that lead to the reasonable expectation that discovery will reveal evidence to support her retaliation claim.  *See Twombly*, 550 U.S. at 563 n.8.  Specifically, at this stage, Plaintiff has presented sufficient evidence that her FMLA leave was a determinative factor in her termination including: (1) the timing of her termination (*i.e.* the day she returned from FMLA leave) and (2) the inclusion of approved periods of FMLA leave in a termination letter as a cause for the initial termination. Discovery may reveal further evidence to support her claims (ex. she previously took long periods of unexcused absence that did not include FMLA leave without any adverse employment action).  At this stage, it is improper to weigh the likelihood of Plaintiff's success and dismiss Count II based upon that probability.

Therefore, Defendant's Motion to Dismiss as to Count II-Retaliation will be DENIED.

**V. Order**

AND NOW, this 6th day of August 2013, IT IS HEREBY ORDERED THAT:

(1) Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED IN PART AND DENIED IN PART**;

(2) Defendant's Motion to Dismiss as to Count I-Interference with FMLA is **GRANTED**; and

(3) Defendant's Motion to Dismiss as to Count II-Retaliation is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties